■ GREATER NEW YORK MUTUAL INSURANCE COMPANY, as Subrogee of 432 Park Avenue South Realty Co., LLC, Respondent, v ERE LLP, Appellant, and HI-RE-LI CONDITIONING CORP., Respondent. GREATER NEW YORK MUTUAL INSURANCE COMPANY, as Subrogee of 432 Park Avenue South Realty Co., LLC, Respondent, v ERE LLP, Respondent, and HI-RE-LI CONDITIONING CORP., Appellant. GREATER NEW YORK MUTUAL INSURANCE COMPANY, as Subrogee of 440 Realty Associates, LLC, Respondent, v ERE LLP, Defendant, and HI-RE-LI CONDITIONING CORP., Appellant. TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, as Subrogee of ERE LLC, Respondent, v HI-RE-LI CONDITIONING CORP., Appellant/Third-Party Plaintiff-Appellant. ERE LLP, Fourth-Party Defendant-Respondent, et al., Third-Party Defendants/Fourth-Party Plaintiffs. [3 NYS3d 19]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about April 28, 2014, which denied defendant ERE LLP's motion for summary judgment dismissing plaintiff Greater New York Mutual Insurance Company's complaint against it, unanimously affirmed, without costs. Orders, same court and Justice, entered April 28, 2014, which denied defendant Hi-Re-Li Conditioning Corp.'s motions for summary judgment dismissing plaintiff Greater New York Mutual Insurance Company's complaints and defendant ERE LLP's cross claims for contribution and common-law indemnification against it, unanimously affirmed, without costs. Order, same court and Justice, entered April 28, 2014, which, to the extent appealed from, denied defendant/third-party plaintiff Hi-Re-Li's motion for summary judgment dismissing plaintiff Travelers Indemnity Company of Connecticut's complaint and all common-law indemnification and contribution claims against it, unanimously affirmed, without costs.

In these three cases brought by plaintiff insurance companies as subrogees of their insureds, plaintiffs allege, among other things, that defendant Hi-Re-Li failed to properly install and insulate an HVAC system in defendant/fourth-party defendant ERE's computer server room, which was located in a building owned by 440 Realty Associates, LLC. The motion court correctly denied Hi-Re-Li's motions for summary judgment. The submissions made by the parties, including their expert reports, demonstrate that issues of fact exist concerning whether Hi-Re-Li, in its alleged negligent installation and maintenance of the HVAC system, launched a force or instrument of harm that impacted the buildings owned by 440 Realty and 432 Park Avenue South Realty Co., LLC (the insureds of plaintiff Greater New York Mutual Insurance Company) (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140, 141-142 [2002]). Similarly, the motion court correctly determined that there are issues of fact concerning whether Hi-Re-Li breached its contracts with ERE (the insured of plaintiff Travelers Indemnity Company of Connecticut) for the installation and maintenance of the HVAC system. Further, because questions of fact exist concerning the cause of the accident, the motion court correctly denied Hi-Re-Li's motion for summary judgment dismissing the cross claims and counterclaims for contribution and indemnification.

The motion court correctly denied ERE's motion for summary judgment dismissing the action brought against it by

Greater Mutual as subrogee of 432 Park Avenue South Realty. Issues of fact exist as to whether the action against ERE is barred by a waiver of subrogation clause in a lease between ERE and 432 Park Avenue South Realty. Where, as here, ERE argues that reference to extrinsic facts is necessary to determine the intent of the parties with regard to the waiver of subrogation provisions in ERE's leases with 440 Realty and 432 Park Avenue South, summary judgment must be denied (*see American Express Bank v Uniroyal, Inc.*, 164 AD2d 275, 277 [1st Dept 1990], *lv denied* 77 NY2d 807 [1991]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.